UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

COOPERATIVE REGIONS OF
ORGANIC PRODUCER POOLS,
One Organic Way
La Farge, Wisconsin 54639,

      Plaintiff,                                     Case No. 21-CV-646

v.     :

MANA FOODS INTERNATIONAL LIMITED
D/B/A ZEAL GRASS MILK CREAMERY,
55 West Monroe
Suite 3330
Chicago, Illinois, 60603,

      Defendant.

---

## COMPLAINT

---

Plaintiff Cooperative Regions of Organic Producer Pools ("CROPP"), by and through its attorneys, Boardman & Clark, LLP, for its Complaint against Mana Foods International Limited d/b/a  Zeal Grass Milk Creamery ("Defendant" or "Zeal"), alleges and shows to the court as follows:

### PRELIMINARY STATEMENT

1.     This is an action for infringement of CROPP's federally-registered mark GRASSMILK under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement, unfair competition under state and common law, all arising from Defendant's unauthorized use of GRASS MILK as

a trademark in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of milk and butter. CROPP seeks injunctive and monetary relief.

## PARTIES

2.     CROPP is a cooperative corporation that is incorporated in Wisconsin and has its principal place of business at One Organic Way, La Farge, Wisconsin, 54639. It is a citizen of Wisconsin.

3.     Upon information and belief, Defendant is a corporation that is incorporated in Delaware and has its principal place of business at 55 West Monroe, Suite 3330, Chicago, Illinois, 60603. It is a citizen of Delaware and Illinois.

## JURISDICTION

4.     This court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367. The amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00).

5.     This court has personal jurisdiction over Defendant because Defendant does business in and purposefully avails itself of the State of Wisconsin, sells and advertises its products in Wisconsin, including in the Western District of Wisconsin, and has committed trademark infringement in Wisconsin.

## VENUE

6.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1), because Defendant resides in this district given that it is subject to personal jurisdiction in this district, 28 U.S.C. § 1391(c)(1), and because a substantial part of the events or omissions giving rise to the claim occurred in this district, 28 U.S.C. § 1391(b)(2).

## FACTS

A.     CROPP and its GRASSMILK Trademarks

7.     CROPP is the largest organic farmer-owned cooperative in North America. The over 1,700 farm families that currently produce CROPP's premium quality organic dairy and other food products are also the owners of CROPP.

8.     CROPP is the exclusive owner of valid and subsisting United States trademark registrations on the Principal Register for its GRASSMILK trademarks, including United States Trademark Registration Nos. 4,630,574 and 5,013,981, both for GRASSMILK; 4,630,575 for ORGANIC VALLEY GRASSMILK; and 5,623,939 for GRASSMILK KIDS, for various dairy products.  In addition to these federal registrations, CROPP also has longstanding and strong common-law rights in its GRASSMILK marks. Attached as Exhibit 1 are true and correct copies of the registration certificates for CROPP's registrations for its GRASSMILK trademarks.

9.     United States Trademark Registration Nos. 4,630,574 for GRASSMILK and 4,630,575 for ORGANIC VALLEY GRASSMILK have been deemed incontestable, and thus constitute conclusive evidence of CROPP's exclusive right to use those marks for the products specified in those registrations and the validity of those marks pursuant to 15 U.S.C. §§1065 and 1115(b).

10.     CROPP offers for sale a variety of dairy products, including milk and cheese, under its GRASSMILK trademarks, and has been using its GRASSMILK trademarks in connection with the sale of dairy products since at least as early as April 2012.

11.     CROPP's GRASSMILK brand is currently the number one grass-fed milk brand and the number one organic grass-fed dairy brand in the United States.  CROPP sold more than

$75 million of dollars of GRASSMILK brand dairy products last year, and continues to increase production to meet ever growing demand.

12.    CROPP has devoted substantial resources marketing, advertising, promoting and protecting its GRASSMILK trademarks.  Through CROPP's extensive use, promotion and protection of its GRASSMILK trademarks, the trademarks have become strongly identified by the consuming public with CROPP, and the trademarks and associated goodwill are extremely valuable assets of CROPP.

13.    As a result of its widespread, continuous, and exclusive use of the GRASSMILK trademarks to identify its dairy products and CROPP as their source, CROPP owns valid and subsisting federal statutory and common law rights to the GRASSMILK trademarks.

14.    CROPP's GRASSMILK trademarks are distinctive to both the consuming public and CROPP's trade.

15.    CROPP's GRASSMILK products carry the Certified Grass-Fed Organic Dairy certification trademark indicating that CROPP farmers and its co-processors comply with a third party audited set of standards, to convey the stringent requirements under which GRASSMILK products are produced.

16.    As a result of CROPP's expenditures and efforts, the GRASSMILK trademarks have come to signify the high quality of the dairy products designated by the GRASSMILK trademarks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to CROPP.

17.    CROPP has achieved significant commercial success in the dairy business, which includes the production and sales of its GRASSMILK products.

B.    <u>Defendant's Unlawful Activities</u>

18.    Upon information and belief, Defendant Zeal is engaged in the manufacture of dairy products, and more specifically milk and butter.

19.    Without CROPP's authorization, beginning after CROPP acquired protectable exclusive rights in its GRASSMILK trademarks, Zeal adopted and began using the trademark GRASS MILK (hereinafter, the "Infringing Mark") in connection with milk and butter (the "Infringing Goods").

20.    The Infringing Mark is nearly identical to CROPP's GRASSMILK trademarks.

21.    Defendant has been engaged in the manufacture, provision, advertising, promotion, offering for sale, and sale of the Infringing Goods using the Infringing Mark throughout the United States. Zeal has sold hundreds if not thousands of products bearing CROPP's intellectual property and has profited handsomely from sales of the Infringing Goods. Defendant's Infringing Marks contain capitalization and the same arched design as CROPP's GRASSMILK trademarks. Attached hereto as Exhibit 2 are true and correct photographic depictions of representative Infringing Goods and Defendant's use of the Infringing Mark.

22.    On July 30, 2021, CROPP's counsel sent a cease-and-desist letter to Zeal objecting to Defendant's use of the Infringing Mark. Attached hereto as Exhibit 3 is a true and correct copy of CROPP's counsel's July 30, 2021 cease-and-desist letter to Defendant.

23.    To date, Zeal has not ceased or desisted using CROPP's GRASSMILK trademarks, has indicated its intent to continue to use CROPP's GRASSMILK trademarks, and continues to infringe, including selling products with the Infringing Mark. Attached hereto as Exhibit 4 is a true and correct copy of Zeal's counsel's August 16, 2021 letter responding to the cease-and-desist letter.

24.     Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Infringing Goods and have and are likely to deceive the relevant consuming public into believing, mistakenly, that the Infringing Goods originate from, are associated or affiliated with, or otherwise authorized by CROPP.

25.     Defendant's acts are willful with the deliberate intent to trade on the goodwill of CROPP's GRASSMILK trademarks, cause confusion and deception in the marketplace, and divert potential sales of CROPP's dairy products to Defendant.

26.     Defendant's acts are causing, and unless restrained, will continue to cause damage and irreparable harm to CROPP and to its valuable reputation and goodwill with the consuming public for which CROPP has no adequate remedy at law.

27.     Defendant knew or should have known that its activities described above constituted trademark infringement and unfair competition, and thus, Defendant acted knowingly and in reckless and/or willful disregard of CROPP's intellectual property.

**COUNT ONE (Federal Trademark Infringement)**

28.     CROPP repeats and realleges paragraphs 1 through 28 hereof, as if fully set forth herein.

29.     Without CROPP's consent, Defendant intentionally used in commerce CROPP's GRASSMILK trademarks and/or substantially indistinguishable variations thereof, as defined under 15 U.S.C. § 1116(d)(1)(B)(i), in connection with the sale, offering for sale, and/or distribution of the Infringing Goods.

30.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the

Infringing Goods, and is likely to cause consumers to believe, contrary to fact, that the Infringing Goods are sold, authorized, endorsed, or sponsored by CROPP, or that Defendant is in some way affiliated with or sponsored by CROPP. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31.     Defendant has committed the foregoing acts of infringement with full knowledge of CROPP's prior rights in the GRASSMILK trademarks and with the willful intent to cause confusion and trade on CROPP's goodwill.

32.     Defendant's conduct is causing immediate and irreparable harm and injury to CROPP, and to its goodwill and reputation, and will continue to both damage CROPP and confuse the public unless enjoined by this court. CROPP has no adequate remedy at law.

33.     CROPP is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO (Federal Unfair Competition)

34.     CROPP repeats and realleges paragraphs 1 through 34 hereof, as if fully set forth herein.

35.     Defendant unauthorized use in commerce of the Infringing Mark as alleged herein is and has been likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the Infringing Goods, and is and has been likely to cause consumers to believe, contrary to fact, that the Infringing Goods are sold, authorized, endorsed, or sponsored by CROPP, or that Defendant is in some way affiliated with or sponsored by CROPP.

7

36.    Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

37.    Defendant's conduct as alleged herein has been likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with CROPP.

38.    Defendant has committed the foregoing acts of infringement with full knowledge of CROPP's prior rights in the GRASSMILK trademarks and with the willful intent to cause confusion and trade on CROPP's goodwill.

39.    Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40.    Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to CROPP, and to its goodwill and reputation, and will continue to both damage CROPP and confuse the public unless enjoined by this court.  CROPP has no adequate remedy at law.

41.    CROPP is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### COUNT THREE (Common Law Trademark Infringement, Unfair Competition, and Misappropriation)

42.    CROPP repeats and realleges paragraphs 1 through 42 hereof, as if fully set forth herein.

43.    Defendant's unauthorized use of the Infringing Mark in connection with the Infringing Goods is and has been likely to confuse the public as to the origin, source, sponsorship

8

or quality of CROPP's goods, or to cause mistake or to deceive the public into believing the Infringing Goods emanate from, or are sponsored by, authorized by, or affiliated with CROPP, and is a misappropriation of CROPP's goodwill, all in violation of CROPP rights under the common law of trademarks, unfair competition and misappropriation.

44.    Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to CROPP, and to its goodwill and reputation, and will continue to both damage CROPP and confuse the public unless enjoined by this court.  CROPP has no adequate remedy at law.

45.    CROPP is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, and costs of the action under common law and Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT FOUR (Infringement under Wisconsin Law)

46.    CROPP repeats and realleges paragraphs 1 through 46 hereof, as if fully set forth herein.

47.    Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein, including but not limited to selling, offering for sale and advertising products with the Infringing Mark, is in violation of Wisconsin Statute Chapter 132.

48.    The use of CROPP's trademarks by Defendant is without CROPP's permission or authority.

49.    Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the Infringing Goods, and is likely to cause consumers to believe, contrary to fact, that the Infringing

Goods are sold, authorized, endorsed, or sponsored by CROPP, or that Defendant is in some way affiliated with or sponsored by CROPP.

50.     CROPP has been injured and suffered damages caused by Defendant's unfair competition and willful infringement and is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and investigator fees, and costs of the action, together with prejudgment and post-judgment interest pursuant to Wis. Stat. §132.02 and §132.033.

**COUNT FIVE (False Advertising – Violation of Wis. Stat. §100.18)**

51.     CROPP repeats and realleges paragraphs 1 through 51 hereof, as if fully set forth herein.

52.     Defendant's actions alleged above, including without limitation, marking and advertising their products with the Infringing Mark, constitute an advertisement, announcement, statement or representation to the public relating to the purchase of goods containing an untrue, deceptive, or misleading representation.

53.     Defendant's use of CROPP's trademarks is currently causing confusion, mistake and deception among purchasers of CROPP's products, falsely suggesting that Defendant's Infringing Goods emanate from, or are sponsored by, authorized by, or affiliated with CROPP.

54.     The statements and representations made to customers by Defendant constitute violations of Wis. Stat. §100.18.

55.     As a result of Defendant's violation of Wis. Stat. §100.18, CROPP has suffered pecuniary loss, as well as irreparable harm for which it has no adequate remedy at law.

56.     Pursuant to Wis. Stat. §100.18(11)(b)(2), CROPP is entitled to recover its pecuniary loss, costs, and reasonable attorneys' fees from Defendant.

WHEREFORE, CROPP requests judgment against each Defendant as follows:

1.      That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2.      That Defendant has infringed CROPP's common law trademark rights.

3.      Granting an injunction permanently enjoining Defendant and its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

   a.   manufacturing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, provide, sell, market, advertise or promote milk, butter or any other dairy products bearing the mark GRASSMILK or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of CROPP's GRASSMILK trademarks;

   b.   engaging in any activity that infringes CROPP's rights in its GRASSMILK trademarks;

   c.   engaging in any activity constituting unfair competition with CROPP;

   d.   making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with CROPP or (ii) CROPP's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

e. using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with CROPP or tend to do so;

f. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark CROPP or any other mark that infringes or is likely to be confused with CROPP's GRASSMILK trademarks, or any goods or services of CROPP, or CROPP as their source; and

g. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

4. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with CROPP or constitute or are connected with CROPP's goods and/or services.

5. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of CROPP's GRASSMILK trademarks, and to direct all distributors, retailers, wholesalers, and

other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the CROPP's GRASSMILK trademarks, and to immediately remove them from public access and view.

6.      Directing that Defendant recall and deliver up for destruction all goods, packaging, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the Infringing Mark or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of CROPP's GRASSMILK trademarks.

7.      Directing Defendant to formally abandon with prejudice all of its applications to register the Infringing Mark, any mark including the Infringing Mark, or any mark consisting of, incorporating, or containing CROPP's GRASSMILK trademarks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

8.      Directing Defendant to cancel with prejudice any and all of its registrations for the Infringing Mark, any mark including the Infringing Mark, or any mark consisting of, incorporating, or containing CROPP's GRASSMILK trademarks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

9.     Directing Defendant, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), to file with the court and serve upon CROPP's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which that Defendant has complied therewith.

10.     Awarding CROPP an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) and Wis. Stat. §132.02 and 132.033.

11.     Directing that Defendant account to and pay over to CROPP all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate CROPP for the damages caused thereby.

12.     Awarding CROPP punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

13.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding CROPP its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

14.     Awarding CROPP interest, including prejudgment and post-judgment interest, on the foregoing sums.

15.     Awarding such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38, CROPP respectfully demands a trial by jury for all claims so triable.

Dated October 14, 2021.

BOARDMAN & CLARK LLP
By

*/s/ Sarah A. Zylstra*
Sarah Zylstra, SBN 1033159
Christopher J. Hussin, SBN 1058328
Tanner G. Jean-Louis, SBN 1122401
Attorneys for Plaintiff
U.S. Bank Plaza, Suite 410
1 South Pinckney Street
P.O. Box 927
Madison, Wisconsin  53701-0927
(608) 257-9521

szylstra@boardmanclark.com
chussin@boardmanclark.com
tjeanlouis@boardmanclark.com